Ronald SNYDER, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

No. 02 Civ. 5216(VM).

United States District Court, S.D. New York.

June 25, 2004.

Charles E. Binder, Binder & Binder, New York, NY, for Ronald Snyder.

Lorraine S. Novinski, U.S. Atty., Southern Dist. of New York, NY, for Com'r of Soc. Security.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Ronald Snyder ("Snyder") moves the Court to reverse an administrative law judge's ("ALJ") determination that he is not entitled to disability insurance benefits. Snyder alleges that (1) the ALJ failed to sufficiently notify him of his right to counsel and failed to sufficiently develop the case record, thereby depriving him of a fair hearing, (2) the ALJ's finding of residual functional capacity lacked sufficient evidentiary support, and (3) the ALJ improperly evaluated Snyder's personal credibility. Snyder moves to remand for calculation of his benefits, or, alternatively, for further development of the evidence. The Commissioner of Social Security (the "Commissioner") opposes Snyder's motion, and cross-moves for an order affirming the decision below. The Court agrees with the Commissioner, and affirms.

## I.  BACKGROUND [1]

Snyder first applied for Social Security Disability ("SSD") benefits and Supplemental Security Income ("SSI") in March 2000. His application claimed that he had suffered from a lower back injury since May 1993 and could no longer work. Snyder later supplemented his original claim with a report of problems in his right ankle beginning in June 2000.

The Commissioner denied Snyder's claim initially and on reconsideration. After a hearing on October 22, 2001, the ALJ affirmed the Commissioner's denials in a written ruling dated November 30, 2001. First, the ALJ explained that Snyder's daily routine was consistent with the ability to engage in many less strenuous activities—he could perform a wide range of household chores, climb stairs, stand for 30 to 60 minutes, lift or carry five to ten pounds of weight, and he continued to use public transportation, all despite his alleged back pain. In addition, the ALJ noted that Snyder's medical records did not indicate medical care commensurate with the functional limitations alleged. Snyder did not receive any documented treatment until 1997 (four years after the alleged onset of the injury) and did not receive any additional care until August 2000. Given this information, the ALJ determined that Snyder's allegations concerning his complete inability to work were not entirely credible, and decided that the objective medical evidence on record did not support a finding of disability. Specifically, the ruling explained that although Snyder could no longer perform any of his past relevant work as a laborer and machine operator, he retained the capacity to perform a full range of sedentary work in spite of his back and ankle ailments.[2]

After unsuccessful administrative appeals, Snyder filed a complaint before this Court to review the ALJ's decision.

## II.  STANDARD OF REVIEW

"[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); see also Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Donato v. Sec'y of Dept. of Health and Human Servs., 721 F.2d 414, 418 (2d Cir.1983). A fact is supported by substantial evidence when the supporting evidence is such that

---

1.  The factual summary derives from the administrative record, which, except where necessary, the Court will not cite further.

2.  Notably, the decision points out that, as of late 2001, Snyder retained a full range of motion in his back and showed no loss of motion in any extremity.

a "reasonable mind might accept it as adequate to support a conclusion." *Quinones v. Chater,* 117 F.3d 29, 33 (2d Cir.1997).

## III. *DISCUSSION*

■ Snyder's motion describes three flaws in the ALJ proceeding that he claims compel either reversal or remand. First, he alleges that the Commissioner's combined failure to properly notify him of his right to legal representation and to fully develop the case record prevented a fair ALJ hearing; second, he claims that the ALJ's finding of residual functional capacity was unsupported by medical evidence; finally, he argues that the ALJ's evaluation of his credibility was improper. Snyder's allegations do not accurately reflect the record below or the prevailing standards for ALJ review. Consequently, his motion fails to present the legal error or substantial lack of evidence necessary to reverse the Commissioner's denial of benefits.

■ As an initial matter, Snyder's claim of inadequate notice regarding his right to counsel relies on a heightened standard of notification, *see Frank v. Chater,* 924 F.Supp. 416, 426 (E.D.N.Y.1996), which another court in this District has explicitly rejected. *See Gonzalez v. Barnhart,* No. 02 Civ. 5813(HB), 2003 WL 22383376 at *5 (S.D.N.Y. Oct.16, 2003) (confirming that the Commissioner and ALJ are only bound to follow the notice requirements set out by statute or regulation). The Court agrees with *Gonzalez* that the notice to which a claimant is entitled is only that required by statute or regulation. Specifically, the Commissioner is required, upon making an adverse determination, to provide written notice to each claimant of his options for obtaining legal representation for appeal, and of the availability of free

legal support. *See* 42 U.S.C. §§ 406(c), 1383(d)(2)(B); 20 C.F.R. §§ 404.1706, 416.1506. Under these standards, the notice here was certainly sufficient: Snyder not only acknowledged his right to representation in his request for reconsideration of the initial denial, he also received written notice of that right with the second denial, and he later confirmed his willingness to proceed without counsel following the ALJ's personal explanation to Snyder of a representative's potential contribution.

More importantly, Snyder has put forth no evidence that the alleged error prejudiced the result, and thus this Court may not remand. *See Infante v. Apfel,* No. 97 Civ. 7689 LMM, 2001 WL 536930, at *10 (S.D.N.Y. May, 21, 2001) ("Remand is only available if Plaintiff was prejudiced by the absence of counsel.").

■ Snyder's claim that the ALJ failed to fully develop his case record, and so denied him a fair hearing, misunderstands the ALJ's evidentiary obligation. Although an ALJ must attempt to fill any "clear gaps" in the administrative record, "where there are no obvious gaps ... and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan,* 168 F.3d 72, 79 n. 5 (2d Cir.1999) (quoting *Perez v. Chater,* 77 F.3d 41, 48 (2d Cir.1996)).[3] Further, Snyder suggests that the ALJ had an absolute duty to notify him of the flaws in his case, prior to refusing benefits. This suggestion is misguided. Fairness requires advance notice of adverse findings only where the ALJ intends to *reject* the opinion of a *pro se* claimant's treating physician. *See Infante,* 2001 WL 536930, at *6 (explaining

---

3. Whether additional medical evidence is necessary to adequately develop the record beyond that statutorily mandated by the Act is a determination within the discretion of the ALJ. *See Infante,* 2001 WL 536930, at *7 (citing *Yancey v. Apfel,* 145 F.3d 106, 113 (2d Cir.1998)).

that where the ALJ accepts the opinions offered, and where the evidence received is adequate to determine disability, no further obligation to seek or request more detailed information exists).

This Court's deference to an ALJ finding of sufficient medical evidence is reinforced in the instant case by the scope of the particular record · reviewed. Though the Act typically requires a complete medical history for at least the twelve-month period prior to the month in which application is filed, *see* 20 C.F.R. §§ 404.1512(d), 416.912(d), the medical evidence considered here comprises a record spanning almost four years, and dates from a full three years prior to Snyder's application for support. Included in that record are several targeted reviews, made by a consultative orthopedist and a State Agency physician, which specifically evaluate Snyder's mobility, use of assistive devices, flexibility, and ability to walk, reach, lift and carry. The Court notes that the ALJ also supplemented each of the seven medical records submitted with Snyder's own testimony regarding his subjective complaints and the persistence of his symptoms, accorded substantial weight to his statements, and responded to them by reducing the functional capacity recommended in the State physician's report. In short, the ALJ's review more than satisfies this Court's requirement that a refusal of benefits be based on substantial evidence.

■ Snyder's second claim, that the ALJ finding of residual functional capacity relied on an absence of contradictory evidence instead of an affirmative proof, is inaccurate. The ALJ's conclusion that Snyder can lift and carry at least 10 pounds, sit for up to six hours daily, and stand or walk intermittently for at least two hours, borrows directly from the State Agency physician's Residual Functional Capacity Assessment, and incorporates Snyder's own testimony about continuing pain, as well as his Veterans Administration Medical Center records, into a final finding of sedentary work capacity. The existence of clear clinical and testamentary sources for this finding directly contradicts Snyder's claim of insufficient evidentiary support.

■ Finally, Snyder claims that the ALJ improperly evaluated his credibility. In his brief, Snyder suggests that the Commissioner is required to analyze a claimant's credibility against seven specific factors included in Social Security Ruling ("SSR") 96–7p, *see* 61 Fed.Reg. 34,483 (July 2, 1996),[4] and that the Commissioner's failure to complete such an analysis in this case tainted the ALJ's finding on credibility. This allegation misrepresents the treatment of claimant credibility outlined by SSR 96–7p. Though the ruling does list the factors cited by Snyder as factors relevant to the Government's evaluation of a claimant's subjective symptoms, it introduces them as examples of alternative evidence that may be useful, and not as a rigid, seven-step prerequisite to the ALJ's finding. *See id.* The ruling also

4. The factors cited are: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.,* lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* 61 Fed. Reg. at 34,485.

explains that the predominant focus of a credibility analysis must be the entire case record as a whole, and requires only that the adjudicator show specific cause, grounded in evidence, for his or her conclusion. *See id.* at 34,485.

In short, a finding on the individual's credibility with regard to symptom descriptions is acceptable when, as here, it includes precise reasoning, is supported by evidence in the case record and makes clear, both to the individual and to any subsequent reviewers, the weight the adjudicator gave the claimant's statements and the reasons for that weight. *See id.* at 34,484, 34,486.[5] Against this standard, the ALJ's remarks regarding Snyder's credibility are properly made: the conclusions explicitly cite the discrepancies between Snyder's own testimony and the medical evaluations of his capacity as their source and make clear their place in the ALJ's overall finding.[6] The remarks are well supported by evidence in the case record and can hardly be characterized as tainted by a failure of information.

In sum, Snyder's motion fails to substantiate its allegations of procedural failure or insufficient evidence at the ALJ hearing level, and so does not justify a reversal by this Court.

## IV. *ORDER*

For the stated reasons, it is hereby

**ORDERED** that the request of plaintiff Ronald Snyder for an order directing a remand of this action to the Commissioner of Social Security (the "Commissioner") for the purpose of calculation of benefits, or, in the alternative, for further development of the evidence, is denied; it is further

**ORDERED** that the Commissioner's cross-motion for a judgment on the pleadings is granted.

The Clerk of Court is directed to enter judgment on the Commissioner's behalf and to close this case.

**SO ORDERED.**

---

5. Notably, the ruling identifies consistency, both internal and as compared to other information in the case record, and a corroborative medical treatment history, as strong indicators of the credibility of an individual's symptom statements. *See* 61 Fed.Reg. at 34,486. The ALJ incorporated both of these factors into his assessment.

6. The ALJ explained his reasoning as follows: "Snyder's allegations concerning his complete inability to work are not entirely credible in light of the findings on examinations, the extent of the medical treatment required, and the claimant's own statements.... The objective evidence and the claimant's daily activities are discrepant with his allegation of total disability; he has required only conservative medical treatment and his daily routine is consistent with the ability to engage in many less strenuous activities. This inconsistency suggests that Snyder has exaggerated his functional limitations. Therefore the ALJ finds that claimant's testimony is not persuasive regarding the impact that his impairments have on his ability to work." (R. at 14–15.)